**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **LAURA SOLORIO LOPEZ,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-770-KC** |
| | § | |
| **DEPARTMENT OF HOMELAND** | § | |
| **SECURITY,** | § | |
| | § | |
| **Respondent.** | § | |

**<u>ORDER</u>**

On this day, the Court considered the case.  Laura Solorio Lopez filed a Motion to Proceed In Forma Pauperis, ECF No. 1, and Petition for Writ of Habeas Corpus, ECF No. 1-1.

As a preliminary matter, Solorio Lopez requests that the Court allow her to proceed IFP and waive the filing fee for her Petition.  *See generally* Mot.  To determine whether a litigant qualifies for IFP status, "the central question is whether the movant can afford the costs of proceeding without undue hardship or deprivation of the necessities of life." *Ayers v. Tex Dep't of Crim. Just.*, No. 96-cv-10614, 1995 WL 696702, at *1 (5th Cir. Oct. 19, 1995) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).  Absolute destitution is not required. *Id.*  In making this determination, courts consider factors such as the movant's present assets, reasonably anticipated income, and necessary living expenses. *Roden v. Texas,* No. 94-cv-10808, 1995 WL 371022, at *2 (5th Cir. June 2, 1995).  Based on her Motion, Solorio Lopez no longer has any source of income and does not have any assets.  Mot. ¶¶ 1–5.  Thus, she has made the requisite showing that she is unable to afford the costs of the proceeding.

Solorio Lopez is detained at the El Paso Service Processing Center in El Paso, Texas. Pet. ¶ 2.  She argues that her continued detention is unlawful and asks for a bond hearing. *Id.* ¶

6, 13–15.  Solorio Lopez states she was living in Minnesota with her four children, where she was a crime victim.  *Id.* ¶ 13.  Solorio Lopez, however, does not state how long she has been in the country, whether she has ever been previously detained by immigration authorities, or any other relevant facts surrounding her detention.  *See generally id.*  In order to properly assess the Petition, more information is necessary.  Thus, the Court exercises its discretion to order supplemental briefing.  *See Lonchar v. Thomas*, 517 U.S. 314, 325 (1996) (quoting Habeas Rule 4 and citing Habeas Rule 7) (recognizing that district courts have "ample" discretion to "take such other action as the judge deems appropriate" and to "order expansion of the record").

Accordingly, the Court **ORDERS** that Petitioner's IFP Motion, ECF No. 1, is **GRANTED**.

**IT IS FURTHER ORDERED** that, **by no later than April 9, 2026**, Solorio Lopez shall **FILE** an advisory answering the following questions:

(1) When was the date of your last entry into the United States?

(2) What date were you taken into immigration custody and detention?

(3) Have you been previously detained by immigration authorities?

    a. If so, were you released, either on your own recognizance, bond, parole, or any other basis?

(4) Do you have a final order of removal in your immigration case?

    a. If so, have you appealed any final order of removal?

SO ORDERED.

SIGNED this 20th day of March, 2026.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE